## PELZER v. MEYBERG et al.

### (Circuit Court, S. D. California. October 30, 1899.)

### No. 865.

PATENTS—REISSUE—LACHES.

While a higher degree of diligence is perhaps required in applying for a reissue where it broadens the claims of the original patent than in cases where it narrows, or simply makes more specific or certain, such claims, yet diligence must be exercised in all reissues: and, when the original patent is absolutely inoperative or invalid for any reason, an unexcused delay of 12 years in applying for a reissue constitutes such laches as will invalidate the reissued patent.

This is a suit in equity by William Pelzer against Max Meyberg and others for infringement of a patent. On demurrer to bill.

Graves, O'Melveny & Shankland, for plaintiff.

C. C. Wright, for defendants.

WELLBORN, District Judge. Complainant seeks to enjoin infringements of reissued patent No. 11,478, covering an improvement in electrical fixtures, invented by Luther Stieringer, assigned afterwards to George Maitland, and finally to complainant, and to obtain an accounting for profits derived by defendants from sales of the infringing devices. The date of said patent is March 12, 1895, while that of the original patent is June 6, 1882, nearly 13 years intervening between the issues of the two patents. The bill makes no excuse whatever for the delay in the issue of the new patent, but simply alleges:

"That the said letters patent were inoperative or invalid by reason of a defective or insufficient specification, or by reason of the said Luther Stieringer claiming as his own invention or discovery more than he had a right to claim as new; and that the error arose from inadvertence, accident, or mistake, and without any fraudulent or deceptive intention; and that the said George Maitland, therefore, duly surrendered said letters patent, and paid the duty required by law; whereupon the commissioner of patents, on the 12th day of March, 1895, caused new letters patent, for the same invention and in accordance with the corrected specification, to be issued to the said George Maitland, bearing date on the last-named day, and numbered 11,478, for the unexpired part of the term of said original letters patent; and your orator makes proffert of said reissued letters patent."

Does said delay invalidate the reissued patent? This question was decided negatively by the circuit court of appeals for the Second circuit, March 2, 1898, in Maitland v. Manufacturing Co., 29 C. C. A. 607, 86 Fed. 124, and affirmatively by the circuit court of appeals for the Third circuit, December 21, 1898, in Manufacturing Co. v. Pelzer, 34 C. C. A. 45, 91 Fed. 665. The latter case, I think, finds support in Miller v. Brass Co., 104 U. S. 350; Wollensak v. Reiher, 115 U. S. 96, 5 Sup. Ct. 1137; and Ives v. Sargent, 119 U. S. 652, 7 Sup. Ct. 436. It is true that, in each of the three cases last mentioned, the claims of the reissued patent were broader than those of the original patent, and the language of the court was confined to that state of facts; but there is no intimation that a reissue, which simply corrects a defective specification, without broadening the claims of the original patent, or which narrows said claims, may not be invalidated by protracted laches; and it seems to me that, when the original patent is absolutely inoperative or invalid for any cause, and the inventor or owner, without excuse, delays for 12 years his application for a reissue, he is chargeable with such laches as will invalidate the reissued patent.

Whether or not an unexcused delay of nine years will invalidate a reissue was one of the questions suggested, but not decided, in Machine Co. v. Searle, 8 C. C. A. 476, 60 Fed. 85, where the court says:

"We are not prepared to admit that, assuming that a new claim simply diminished the breadth of the original claim, the state of facts which has been described would justify limitation in a reissue, after the patent had been in existence and under repeated examination for nine years, and after individuals and the public had acquired adverse equities, which would be destroyed by a reconstruction of a void claim. This case does not call for a decision of that naked question."

See, also, in this connection, Hubel v. Dick (C. C.) 28 Fed. 132, and Peoria Target Co. v. Cleveland Target Co., 7 C. C. A. 197, 58 Fed. 227.

That diligence must be exercised in all reissues, although, where the reissue broadens the claim of the original patent, a higher degree of diligence is, perhaps, required, than in cases where the reissues narrow, or simply make more specific or certain, the claims of the original patents, is declared in one of the authorities quoted from by complainant in his brief filed in Pelzer v. Z. L. Parmelee & Co. (C. C. No. 866) 97 Fed. 992 (Topliff v. Topliff, 145 U. S. 156, 12 Sup. Ct. 825). There the court says:

"From this summary of the authorities it may be regarded as the settled rule of this court that the power to reissue may be exercised when the patent is inoperative by reason of the fact that the specification, as originally drawn, was defective or insufficient, or the claims were narrower than the actual invention of the patentee, provided the error has arisen from inadvertence or mistake, and the patentee is guilty of no fraud or deception; but that such reissues are subject to the following qualifications: * * * Second. That due diligence must be exercised in discovering the mistake in the original patent, and that, if it be sought for the purpose of enlarging the claim, the lapse of two years will ordinarily, though not always, be treated as evidence of an abandonment of the new matter to the public, to the same extent that a failure by the inventor to apply for a patent within two years from the public

use or sale of his invention is regarded by the statute as conclusive evidence of an abandonment of the patent to the public."

This last paragraph declares, in effect, that due diligence must be exercised in all cases, and that, if the purpose of the reissue be the enlargement of the claim, due diligence requires the application for such reissue to be made within two years.

Complainant in the same brief also quotes from Mahn v. Harwood, 112 U. S. 354–369, 5 Sup. Ct. 178, and 6 Sup. Ct. 451, as follows: "Lapse of time may be of small consequence in an application for the reissue of a patent on account of a defective specification or description, or where the original claim is too broad;" and, relying upon that, and kindred expressions in other cases, says:

"The sum of defendant's argument, then, is this: that 13 years have elapsed between the issuance of the original and reissued patents, and therefore the latter is void. But we have shown the court that the lapse of such a length of time does not necessarily have such an effect. It results only where there is a substantial variance between the two patents, so that the claims of the latter are broader than the former; but, where the new claims are more narrow or more specific, lapse of time is entirely immaterial; for the creation of intervening rights, in such a case, is wholly impossible."

Complainant's main premise, as expressed in the last line quoted, and on which he largely relies for his conclusion, is not true of all the cases to which he asserts its applicability. Where the defects of an original patent, whose claims are broader than the invention, do not render it void, but simply, for lack of distinctness or perspicuity, leave the patentee's rights obscure, and, on that account, difficult of enforcement, said premise, "the creation of intervening rights in such a case is wholly impossible," applies, and complainant's conclusion, that "lapse of time is entirely immaterial," follows; but, where the defects of such an original patent are so radical as to render it utterly void, intervening rights do accrue in behalf of the public, and may accrue in behalf of individuals, as fully as where the original patent is narrower than the reissue, and in such a case complainant's conclusion, "lapse of time is entirely immaterial," cannot be logically deduced. The ruling above made renders it unnecessary for me to notice the other questions raised by the demurrer.

The demurrer will be sustained, and the complainant allowed 30 days to amend, if he shall be so advised.