A. O. SMITH CORP. v. AFFILIATED GAS EQUIPMENT, Inc.

Civ. No. 4757.

United States District Court
N. D. of Texas, Dallas Division.

Dec. 3, 1952.

---

Andrus & Sceales and Geo. L. Wallace, Milwaukee, Wis., W. C. Gowan, Dallas, Tex., for plaintiff.

William H. Neary, Dallas, Tex., John Austin and Paul & Paul, Philadelphia, Pa., for defendant.

ATWELL, Chief Judge.

The plaintiff declares upon Patent No. 2267361, December 23rd, 1941, and the re-issue of the Andrus patent, No. 23559, September 30th, 1952, and the Uecker patent, No. 2322488, June 22nd, 1943, each relating to a corrosion-resistent metallic structure, with Uecker calling his a glass-lined hot water tank.

I find as facts:—

That those patents belong to the plaintiff as assignee. That Patent No. 2267361 was not accompanied by a drawing. That the re-issue sought and received on September 30th, 1952, was after the defendant had constructed its own water heater, and had been requested to exchange blue prints with the plaintiff and engaged in consultations with reference to the association, either in manufacture of the different parts for a water heater, or, for a license agreement. That such consultation was held in the office and place of business of the plaintiff, and, subsequently, such association and licensing was refused.

I find that the water heater of the plaintiff is a commercial success, and that the plaintiff has expended large sums of money in its manufacture and sale and advertising. That the defendant has had a fairly satisfactory business with its heater, commercially.

I find that the prior art supports the right of the defendant to engage in the business in which it is engaged, with reference to such a heater, and that for years before the plaintiff claims invention, the enamelling and the cathodic protection, as well as vitreous enamelling had all been developed and in some patents anticipated.

That the water which is heated by a comparatively low voltage in each heater, liberates some of the hydrogen which, in turn, seeps out and enters, if there be un-enamelled, or, unprotected metallic surfaces. That this fact was known and remedy sought against it as shown by anticipating patents, and by prior art, as disclosed in publications, and in actual use. This seeking out such exposed places results in erosion, or, pitting, or, corrosion, which destroys and renders less efficacious.

That these facts were known and were sought to be combatted by the original patentees, because the protection of underground pipe is, and, was, a highly important matter.

The Buck patent No. 148593, 1874, as well as the Folsom, over Buck, in 1884, related to hot water heaters, iron, and coated internally with enamel, which is vitreous according to Needinghouse patent prior to Buck and Folsom. Likewise, the first tanks were galvanized iron, and then came the enamelled metal tank. Buck. Also, Folsom. See also Ross, Mills and Gesell as well as Canfield, Perkins, and Hill. 1899, Ross Patent No. 629092, zinc anode for a water containing combination boiler; also, Gesell Patent No. 1269926. Mills, Patent No. 1664800, pipe protected by anode. Also vitreous enamel, prior to 1930, on pipe, Smith No. 184229, February 11, 1929.

I also find as a fact, that the plaintiff's heater is superior to the defendant's heater, and has been largely so recognized by the buying public, which has resulted in large sales.

Conclusions of Law.

■ I find that as a condition in the application for a patent, there must be a drawing as prescribed. Also, that whenever a patent is, through error, without

any deceptive intention, deemed wholly, or, partly inoperative, or invalid by reason of a defective specification, or, drawing * * * the commissioner shall upon the surrender of such patent .* * * re-issue the patent for the invention disclosed in the original patent, and in accordance with a new and amended application for the un-expired part of the term of the original patent. No new matter shall be introduced into the application for re-issue. Any such re-issued patent shall not extend the scope of the original patent, unless applied for within two years of the issuing date of the original patent.

The issuance is prima facie evidence of novelty and utility. In an infringement case the burden rests upon the plaintiff to establish infringement, but the burden is on the defense to demonstrate illegality of the patent claims, and, illegality of the patent itself. In an infringement case, reasonable doubt must be resolved in favor of a claim for which the patent was issued, and under the statute a patentable device must not only be new and useable, but also must be invention, or, discovery. Not discovery of a law of the universe, but a discovery which is, itself, invention.

I also find as a conclusion of law, that the action of the plaintiff as disclosed by the testimony in calling for a conference, and with reference to the failure of having a drawing upon its original patent, estops it, and makes it inequitable to denominate the defendant as an infringer.

Authorities supporting the above conclusions of law relate to the invalidity of the re-issue which was filed over seventeen years after the defect in the original patent was called to the attention of the plaintiff. General Radio v. Allen B. Du-Mont Laboratories, 3 Cir., 129 F.2d 608. Likewise, invalidity is asserted because no statement of facts, or, evidence showing the existence, or, character of indifference, or,

accident, or, mistake. Union Switch & Signal Co. v. Louisville Frog Switch & Signal Co., 6 Cir., 73 F.2d 530.; Firestone Tire & Rubber Co. v. United States Rubber Co., 6 Cir., 79 F.2d 948, 960–961.

Also, as to lack of appropriate oath. Title 35 U.S.C.A. § 34; R.S. §§ 4889, 4890, 4891, show requirement of the drawing.

The equity which has intervened for the benefit of the defendant, as stated above by reason of substantial expenditures and development work, is presented in Pelzer v. Meyberg, CC., 97 F. 969.

The antiquity of the combination of elements protecting against erosion, is somewhat photographed in Dow Chemical Co. v. Halliburton Oil Well Cementing Co., 324 U.S. 320, 65 S.Ct. 647, 89 L.Ed. 973.

Injunction and recovery is, therefore, denied the plaintiff as prayed.